# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLIE MATTHEW DAVIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-24-AGF |
| ) | |
| KEMPER LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Charlie Matthew Davis, Jr., a prisoner, for leave to commence this civil action without pre-payment of the required filing fee. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $94.10. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will deny plaintiff's duplicative motion for leave to proceed *in forma pauperis* and will direct him to show cause why this action should not be dismissed for lack of jurisdiction.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $208.33 and an average monthly balance of $470.50.[1] The Court will therefore assess an initial partial filing fee of $94.10, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

---

[1] On February 11, 2020, plaintiff submitted a second motion for leave to commence this civil action without payment of the required filing fee with an attached affidavit and certified copy of his prison account statement. ECF No. 4 at 3. The Court finds this motion to be duplicative and will deny it as moot.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, if the essence of an allegation is discernible, then the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980), *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or construct a legal theory that assumed facts not pleaded by the self-represented plaintiff).

## The Complaint

Plaintiff brings this action pursuant to 28 U.S.C. § 1343 against defendant Kemper Life Insurance Company. He describes his claim as a "Civil Rights Tort Claim." Plaintiff alleges that his mother, Lizzie Davis, "passed away leaving an insurance policy" that "was to include specifically, if not solely her son, Petitioner Charlie Matthew Davis Jr." ECF No. 1 at 2.

Plaintiff attaches a letter sent to him by the defendant and dated March 28, 2019. ECF No. 1-1 at 2. The letter references the policy number as "0102369769" and the account owner as "Tameka Guillory," and provides:

> We received your second request for information on the above policy. Unfortunately, we are unable to provide the information being requested.
>
> Due to federal privacy laws, we are unable to release information on the above policy without the consent of the policy-owner. Please have the person listed above contact our office, provide the policy number listed above and we will respond as

requested. If the person in question is deceased, please send a copy of their death certificate. If the policy owner is still alive and you are their power of attorney, please send a copy of the power of attorney to our office.

*Id.*

Plaintiff states he sent Ms. Davis's death certificate and his power of attorney to the defendant, but the defendant did not respond and "has mishandled and/or misappropriated the insurance police [sic] of Lizzie Davis and therefore deprived [him]." ECF No. 1 at 2. He asks this Court to award him "the full amount due him by due course of law in the interest of Justice." *Id.* at 3.

## Discussion

Plaintiff states he brings this action as a "Civil Rights Tort Claim [p]ursuant to 28 § sec. 1343 et. al., U.S.C. 5; 14." Section 1343 confers original jurisdiction in the district court over a civil action:

> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in [42 U.S.C. § 1985];
>
> (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in [42 U.S.C. § 1985] which he had knowledge were about to occur and power to prevent;
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and
>
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. §§ 1343(a)(1)-(4). In order to allege proper jurisdiction under 28 U.S.C. § 1343, a plaintiff is required to show a deprivation of a federal right. *Finerson v. Value City Furniture*, 2014

WL 1316235, at *3 (E.D. Mo. Mar. 27, 2014); *see also Harvey v. Bank of America Corp.*, 2010 WL 11583350, at *4 (E.D. Mo. Aug. 6, 2010) (Section 1343 is a jurisdictional statute "granting federal jurisdiction over civil rights conspiracy actions brought under 28 U.S.C. § 1985 and to address the deprivation under color of state law the equal rights of citizens."). "In other words, jurisdiction is not created in and of itself under § 1343, but only through one of the substantive statutes to which § 1343 relates." *Finerson*, 2014 WL 1316235, at *3 (citing *Howell v. Cataldi,* 464 F.2d 272 (3rd Cir. 1972)); *see also Nouse v. Nouse,* 450 F. Supp. 97, 99 (D.C. Md. Mar. 30, 1978) (In order for jurisdiction to exist under 28 U.S.C. § 1343, the jurisdictional counterpart of certain post-Civil War civil rights statutes, the "complaint must at a minimum seek recovery under the substantive statutes to which § 1343 relates.").

In this case, plaintiff has not sought recovery under any statute to which § 1343 relates. Plaintiff has also failed to alleged facts permitting this Court to construe his claims as arising under federal law, as necessary to confer jurisdiction pursuant to 28 U.S.C. § 1331. While plaintiff references "U.S.C. 5; 14," it is unclear what statute he means to invoke. Finally, plaintiff makes no attempt to invoke this Court's diversity jurisdiction. As such, the Court will give plaintiff the opportunity to show cause, within thirty days, why this case should not be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. ECF No. 3.

**IT IS FURTHER ORDERED** that plaintiff's duplicative motion to proceed *in forma pauperis* is **DENIED** as moot. ECF No. 4.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $94.10 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and no later than thirty (30) days from the date of this Order, why this case should not be dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that, if plaintiff fails to comply with this Order, then the Court will dismiss this action without prejudice and without further notice.

Dated this 2nd day of April, 2020.

_/s/ Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE