# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLIE MATTHEW DAVIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-24-AGF |
| ) | |
| KEMPER LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Charlie Matthew Davis, Jr.'s response to this Court's order of April 2, 2020 (ECF No. 5), directing him to show cause why this case should not be dismissed for lack of jurisdiction. For the reasons explained below, this case will be dismissed for want of jurisdiction, and plaintiff's pending motions will be denied.

### Background

Plaintiff is a prisoner who is proceeding *pro se* and *in forma pauperis*. He initiated this action on January 7, 2020, by filing a complaint against defendant Kemper Life Insurance Company. In an apparent attempt to invoke this Court's jurisdiction, he averred that he brought the action as a "Civil Rights Tort Claim [p]ursuant to 28 § sec. 1343 et. al., U.S.C. 5; 14." (ECF No. 1 at 1). He made no attempt to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332.

In setting forth his claims for relief, plaintiff alleged that his mother, Lizzie Davis, "passed away leaving an insurance policy" that "was to include specifically, if not solely her son, Petitioner Charlie Matthew Davis Jr." *Id.* at 2. Plaintiff attached to the complaint a copy of a letter dated March 28, 2019, sent to him by the defendant. (ECF No. 1-1 at 2). The letter

referenced an insurance policy numbered "0102369769" owned by one "Tameka Guillory." *Id.* The letter provided:

> We received your second request for information on the above policy. Unfortunately, we are unable to provide the information being requested.
>
> Due to federal privacy laws, we are unable to release information on the above policy without the consent of the policy-owner. Please have the person listed above contact our office, provide the policy number listed above and we will respond as requested. If the person in question is deceased, please send a copy of their death certificate. If the policy owner is still alive and you are their power of attorney, please send a copy of the power of attorney to our office.

*Id.*

Plaintiff alleged that he sent Ms. Davis's death certificate and his power of attorney to the defendant, but the defendant failed to respond and "has mishandled and/or misappropriated the insurance police [sic] of Lizzie Davis and therefore deprived [him]." (ECF No. 1 at 2). He asked this Court to award him "the full amount due him by due course of law in the interest of Justice." *Id.* at 3.

On April 2, 2020, after plaintiff responded to earlier orders directing him to resolve his fee status, the Court entered an order directing him to show cause why his case should not be dismissed for lack of jurisdiction. In that order, the Court noted that plaintiff did not seek recovery under any statute to which 28 U.S.C. § 1343 related; that it was unclear what plaintiff meant when he attempted to invoke jurisdiction pursuant to "U.S.C. 5, 14;" and that plaintiff alleged nothing permitting this Court to construe his claims as arising under any other federal law, as necessary to confer jurisdiction pursuant to 28 U.S.C. § 1331. The Court also noted that plaintiff made no attempt to invoke diversity jurisdiction. The Court instructed plaintiff to show cause why his case should not be dismissed for lack of jurisdiction.

In the response now before the Court, plaintiff avers that he has "filed and presented a Civil Rights Complaint pursuant to 28 U.S.C. § 1343, contending the defendants are actively and currently engaged in a conspiracy of sorts to deprive Plaintiff of Rights and Privileges accorded him by the United States Constitution." (ECF No. 8 at 2). He avers that the defendant was given two insurance policies, one for him and one for his daughter. He states that his daughter told him that his mother bought insurance policies for both of them, and that it is "highly unlikely his mother would go against her word and issue out an insurance policy for his daughter only, and not include an insurance policy for Plaintiff, as stated to his daughter." *Id.* at 3. Plaintiff complains that the defendant will not give him any information pertaining to a life insurance policy of which he believes he must be a beneficiary. He reasserts his belief that the defendant is depriving him of insurance benefits and is "engaged in a conspiracy with other unknown individuals," and states that this Court has jurisdiction "to address this Civil Action arising under the Constitution to recover damages and prevent any further conspiratorial acts" in which the defendant and unknown persons are engaging "who Plaintiff reasonably believes fraudulently and conspiratorially confiscated an insurance policy belonging to him." *Id.* at 4-5.

Along with the instant response, plaintiff filed a motion titled "Plaintiff's Motion for Discovery and Inspection of Evidence." (ECF No. 9). Therein, plaintiff states that discovery and inspection of evidence is necessary in order for him to "prove merit and validity of his Civil Rights complaint and to make room for any and all amendments to his complaint." *Id.* at 2. He asks the Court to "allow discovery proceedings to occur in the Plaintiff's efforts to further the prosecution of his case to the Court after determining jurisdiction was met." *Id.* In the instant response, plaintiff references that motion and states that he must rely on this Court granting it in

3

order to "prove merit of his claim." (ECF No. 8 at 4). Plaintiff states he will amend his complaint when "Discovery discloses Civil Rights Conspiracy Actions by Defendants." *Id.* Plaintiff also filed a motion asking this Court to hold his complaint "in abeyance" pending his receipt of such discovery. (ECF No. 10).

## Discussion

Federal courts are courts of limited, not general, jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). If a court "determines at any time that it lacks subject-matter jurisdiction" over an action, it must dismiss it. Fed. R. Civ. P. 12(h)(3).

In an attempt to establish this Court's jurisdiction, plaintiff avers that he brings this action pursuant to 28 U.S.C. § 1343. Section 1343 is titled "[c]ivil rights and elective franchise," and confers original jurisdiction in the district court over a civil action:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in [42 U.S.C. § 1985];

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in [42 U.S.C. § 1985] which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343(a)(1)-(4).

In order to allege proper jurisdiction under § 1343, a plaintiff is required to show a deprivation of a federal right. *Finerson v. Value City Furniture*, 2014 WL 1316235, at *3 (E.D. Mo. Mar. 27, 2014). "In other words, jurisdiction is not created in and of itself under § 1343, but only through one of the substantive statutes to which § 1343 relates." *Id.* (citing *Howell v. Cataldi,* 464 F.2d 272 (3rd Cir. 1972)). *See also Nouse v. Nouse,* 450 F. Supp. 97, 99 (D.C. Md. Mar. 30, 1978) (In order for jurisdiction to exist under 28 U.S.C. § 1343, the jurisdictional counterpart of certain post-Civil War civil rights statutes, the "complaint must at a minimum seek recovery under the substantive statutes to which § 1343 relates.").

In this case, plaintiff asserts that his claims arise under 42 U.S.C. § 1985, which concerns conspiracies to interfere with civil rights. While plaintiff does not indicate the subsection of § 1985 under which he intends to proceed, the Court will consider whether his allegations would state a claim under § 1985(3), which is titled "[d]epriving persons of rights or privileges" and provides, in relevant part:

> If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

To state a claim under § 1985(3), a plaintiff must allege racial or other invidious class-based discrimination. *See United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO, et al. v. Scott, et al.,* 463 U.S. 825, 834-39 (1983). Here, plaintiff makes no such allegations. There is therefore no basis for the Court to construe plaintiff's claims as brought pursuant to § 1985(3), and 28 U.S.C. § 1343 cannot confer jurisdiction on that basis.

5

Additionally, plaintiff alleges no facts that would allow this Court to construe his claims as arising under any other statute to which § 1343 relates. Accordingly, § 1343 provides no basis for jurisdiction.

Additionally, plaintiff alleges nothing permitting the conclusion that his claims arise under federal law, as necessary to confer jurisdiction pursuant to 28 U.S.C. § 1331. The question of whether a claim arises under federal law must be determined by reference to the plaintiff's "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808 (1986). Here, while plaintiff characterizes this suit as involving an infringement of his civil rights, his complaint actually presents claims involving recovering benefits under a life insurance policy. It is obvious that this suit does not really and substantially involve a dispute over the validity, construction, or effects of the laws of the United States, nor does it raise any federal issue, as required to satisfy federal question jurisdiction. *See Shulthis v. McDougal,* 225 U.S. 561, 569 (1912). Federal question jurisdiction exists only when a federal question is presented on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Liberally construing plaintiff's "Motion for Discovery and Inspection of Evidence," plaintiff can be understood to seek jurisdictional discovery in an effort to uncover evidence supporting federal question jurisdiction. However, plaintiff has failed to make a prima facie case of jurisdiction. Additionally, his statement that discovery may reveal the existence of a conspiracy are merely speculative, and do not establish that jurisdictional discovery could yield evidence establishing the existence of a federal question. *See Osborn & Barr Communications, Inc. v. EMC Corp.*, No. 4:08-cv-87-CAS, 2008 WL 341664, at *1 (E.D. Mo. Feb. 5, 2008) ("[n]umerous cases hold that district courts have the discretion to deny jurisdictional discovery

6

when a plaintiff has failed to make a prima facie case of jurisdiction."). The motion is otherwise nothing upon which relief may be granted. Even if jurisdiction existed, plaintiff would not be entitled to discovery at this time. Accordingly, the Court will deny the motion, and will also deny plaintiff's motion to hold this case in abeyance pending discovery.

Finally, plaintiff has neither attempted to plead federal diversity jurisdiction nor provided anything permitting the Court to conclude it has jurisdiction on such basis. Although the Court must liberally construe plaintiff's complaint, the Court will not assume facts that are not alleged. Even *pro se* litigants are obligated to plead specific facts and proper jurisdiction and to abide by the Federal Rules of Civil Procedure. *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993). For all of the foregoing reasons, the Court concludes that it lacks jurisdiction over this case and will therefore dismiss it pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. Nothing in this Memorandum and Order shall be construed as prohibiting plaintiff from bringing claims in state court based upon the facts alleged in the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's "Motion for Discovery and Inspection of Evidence" (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's "Motion for Leave to Hold Complaint in Abeyance Pending Outcome of Discovery Motion" (ECF No. 10) is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of June, 2020.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE